UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN DICKERSON, ET AL

CIVIL ACTION

VERSUS

NUMBER 12-77-FJP-DLD

EXXONMOBIL CORPORATION, ET AL


**<u>RULING</u>**

This matter is before the Court on Defendant ExxonMobil Corporation's Motion for Summary Judgment on the issue of Statutory Employment.[1]  Plaintiffs John and Ruthie Dickerson have filed an opposition to the motion arguing in part that the motion for summary judgment is premature and more discovery is necessary to ascertain the facts of the case.[2]

If Plaintiffs desire more discovery on a summary judgment issue, they must comply with Rule 56 of the Federal Rules of Civil Procedure which requires them to designate the specific discovery required to oppose the motion and show how that discovery will create a material issue of fact in dispute.  "A party cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional

---

[1]Rec. Doc. No. 19.

[2]Rec. Doc. No. 22.

Doc#48004

discovery will produce needed, but unspecified facts."[3]

Rule 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may ... order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." The party opposing the motion "must show: (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact."[4]

Plaintiffs shall have twenty (20) days from the date of this order to comply with Rule 56(f) of the Federal Rules of Civil Procedure.

As to the contract between ExxonMobil and Turner Industries Group, LLC, it is admissible under Rule 902.2.11, which provides that certified domestic business records are self-authenticating. Under Rule 902(11), the original or a copy of a domestic record is self-authenticating if it meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Furthermore, the term "custodian"

---

[3]*Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006).

[4]*Id.*, citing *Beattie v. Madison County School Dist.*, 254 F.3d 595, 605 (5th Cir. 2001).

Doc#48004                                    2

is given a very broad meaning in the application of Rules 803(6) and 902(11).  ExxonMobil's Senior Procurement Associate Dustin Turner satisfies this definition.  This argument by Plaintiffs is without merit.

IT IS SO ORDERED.

Baton Rouge, Louisiana, this 21 day of September, 2012.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

Case 3:12-cv-00077-FJP-SCR   Document 26   09/24/12   Page 3 of 3